**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler D. Pope, | No. CV-20-01233-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Tyler D. Pope's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 20, "Def. Br."), and Plaintiff's Reply Brief (Doc. 21, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 14, "R.") and now reverses and remands the Administrative Law Judge's decision (R. at 20–28) for reconsideration and a new disability determination.

**I.    BACKGROUND**

Plaintiff filed an Application for Disability Insurance benefits on September 1, 2016, for a period of disability beginning on December 18, 2015. (R. at 20.) His claim was denied initially on December 27, 2016, and upon reconsideration on May 10, 2017. (R. at 20.) Plaintiff appeared before the ALJ for a video hearing regarding his claim on May 15,

2019, which the ALJ denied on May 29, 2019. (R. at 20, 28.) On April 20, 2020, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (R. at 1–3.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: cervical and lumbar spondylosis, status post total knee arthroscopy, and migraine headaches. (R. at 22.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (R. at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 24.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can frequently climb ramps/stairs, can never climb ladders, ropes, and scaffolds, can frequently stoop, kneel, crouch, and crawl, and can work in an environment that does not require exposure to hazards such as moving machinery or unprotected heights.

(R. at 25.) Accordingly, the ALJ found that Plaintiff can perform past relevant work as a Construction Superintendent or Auto Repair Service Advisor. (R. at 28.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   ANAYSIS**

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues the ALJ erred in assigning less weight to treating neurologist, Dr. Robert S. Hamilton III's medical opinion. (Pl. Br. at 13–15.) Second, Plaintiff contends the ALJ erred in rejecting his symptom testimony. (Pl. Br. at 16–22.)

The Court finds the ALJ did not provide specific and legitimate reasons for assigning less weight to Dr. Hamilton's opinion because the ALJ's analysis did not provide

examples in the record or provide citations to the record. The Court also finds the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony because the only valid reason the ALJ relied on, the medical record, was insufficient to reject Plaintiff's symptom testimony. For the following reasons, the Court reverse and remands for reconsideration and a new disability determination.

### A. The ALJ erred in assigning less weight to Dr. Hamilton's medical opinion.

Plaintiff argues the ALJ erred in assigning less weight to Dr. Hamilton's medical opinion. (Pl. Br. at 13–15.) While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ found that Dr. Hamilton's opinion that Plaintiff has severe pain precipitating from a static position and movement that would interfere with Plaintiff's

attention and concentration was inconsistent with the overall record and did not have support from treatment notes or physical examinations. (R. at 27.) The ALJ assigned less weight to Dr. Hamilton's medical opinion for this reason. (R. at 27.) The ALJ provided no examples of how Dr. Hamilton's opinion was inconsistent with the record or how it did not have support from treatment notes. (R. at 27.) The ALJ provided no citations to the record in making this finding. (R. at 27.) The ALJ's analysis is incomplete and insufficient. The Court finds the ALJ did not provide specific and legitimate reasons for assigning less weight to Dr. Hamilton's opinion.

### B.     The ALJ erred in rejecting Plaintiff's symptom testimony.

Plaintiff argues the ALJ erred in rejecting his symptom testimony. (Pl. Br. at 16–22.) An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Here, the ALJ found "[Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the alleged intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." (R. at 25.)

The ALJ described that Plaintiff alleged he is unable to work because of his neck injury, back injury, depression, insomnia, chronic pain, chronic fatigue, degenerative disc disease, and migraines, and specifically, the pain in his back and neck are continuous and he experiences frequent, severe migraines. (R. at 25, 204, 207–12, 245–52.) The ALJ found that Plaintiff's symptom testimony was inconsistent and unsupported by the record. (R. at 26.) The ALJ pointed out that Plaintiff claimed his back and neck pain and his migraines were the result of an injury in 2011 and then a car accident that occurred in 2013, but that Plaintiff continued to work until December 2015. (R. at 26; 47–48.)

First, the ALJ did not provide "specific, clear and convincing" reasons supported by substantial evidence in rejecting Plaintiff's symptom testimony because of Plaintiff's activities of daily living ("ADLs"). *See Molina*, 674 F.3d at 1112. The ALJ goes into great detail discussing Plaintiff's medical evidence and then ends the analysis by quickly stating that "[Plaintiff's] allegations with regard to the intensity, persistence, and limiting effects of his symptoms are also inconsistent with his own reported ability to perform personal care, care for his wife and pets, and perform various activities of daily living." (R. at 27, 245–52.) The ALJ does not describe Plaintiff's ADLs with any specificity, and she does not describe how Plaintiff's ADLs conflict with his symptom testimony. The reason provided for rejecting Plaintiff's symptom testimony, Plaintiff's ADLs, was a specific, clear, and convincing reason, but here, the ALJ has not shown it was supported by substantial evidence.

Next, the ALJ noted that Plaintiff underwent facet joint injections and medical branch blocks with 80% relief. (R. at 26, 792–803.) But the ALJ did not note that in a follow up visit after the cervical facet joint injection Plaintiff indicated his worst pain level was a 9/10 and his best was an 8/10. (R. at 395.) Plaintiff also indicated he had five epidural steroid injections and one trigger point injection, and they provided no relief. (R. at 411.) The ALJ acknowledged that Plaintiff also underwent radio frequency ablation to his

cervical spine in June 2017 and reported feeling better initially, but then indicated his pain returned. (R. at 26, 464.) The ALJ also noted that Plaintiff had a neurostimulator implant for his cervical spine installed in April 2018, which provided 90% pain relief. (R. at 26, 453, 763.) But as Plaintiff correctly points out, Plaintiff had 90% relief from the previous temporary installation of the neurostimulator implant but had only 30% pain relief from the permanent installation. (R. at 52–53, 714, 751, 753, 755, 812; Pl. Br. at 19–20.) Though the ALJ pointed to evidence of Plaintiff's pain improving with treatment, the ALJ excluded relevant evidence and mischaracterized evidence. Again, while evidence of response to treatment or compliance with treatment is a reason the ALJ could use in discounting Plaintiff's symptom testimony, the ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence.

The ALJ's final reason for rejecting Plaintiff's testimony—that it was purportedly inconsistent with the objective medical evidence—also fails because, even if true, it cannot form the sole basis for rejecting a claimant's testimony. *See Burch*, 400 F.3d at 682. Since the Court rejects the ALJ's other basis for rejecting Plaintiff's testimony, the ALJ's reliance on the objective medical evidence stands alone, and therefore, is inadequate. As such, the ALJ erred in rejecting Plaintiff's symptom testimony.

### C. The credit-as-true rule does not apply.

Plaintiff asks the Court to apply the "credit-as-true" rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 22–24.) The credit-as-true rule only applies in cases where three elements are present. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant

testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. First, as previously discussed, the ALJ provided legally insufficient reasons for rejecting symptom testimony and assigning less weight to Dr. Hamilton's medical opinion. Second, further administrative proceedings would not be useful as the record is fully developed. Nevertheless, because the ALJ did not correctly evaluate Plaintiff's symptom testimony, this case still presents evidentiary ambiguities that must be resolved. The ALJ erred in evaluating Plaintiff's ADLs when considering Plaintiff's symptom testimony, so it is unclear how Plaintiff's symptom testimony might impact the ALJ's overall finding of Plaintiff's disability. This error creates ambiguities in Plaintiff's limitations. Additionally, the ALJ provided no analysis in explaining why she assigned less weight to Dr. Hamilton's opinion. If Dr. Hamilton's medical opinions were properly considered, the ALJ's decision might result in a different outcome.

Accordingly, the Court applies the ordinary remand rule and will remand this matter for further development of the record and a new disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with the Order. Specifically, the ALJ must consider Plaintiff's symptom testimony.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 27th day of July, 2021.

Douglas L. Rayes
United States District Judge