**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler D Pope, | No. CV-20-01233-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 24), which is fully briefed (Docs. 25, 26). Plaintiff argues that an amendment is necessary to correct a manifest legal error and prevent injustice. Specifically, Plaintiff argues that the Court erred by declining to apply the credit-as-true rule and remanding this matter for further administrative proceedings instead of an immediate award of benefits.

As the Court explained in its prior order:

> The credit-as-true rule only applies in cases where three elements are present. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter

>of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

(Doc. 22 at 7-8.) The Court concluded:

>In this case, the ordinary remand rule, not the credit-as-true rule applies. First, as previously discussed, the ALJ provided legally insufficient reasons for rejecting symptom testimony and assigning less weight to Dr. Hamilton's medical opinion. *Second, further administrative proceedings would not be useful as the record is fully developed.* Nevertheless, because the ALJ did not correctly evaluate Plaintiff's symptom testimony, this case still presents evidentiary ambiguities that must be resolved. The ALJ erred in evaluating Plaintiff's ADLs when considering Plaintiff's symptom testimony, so it is unclear how Plaintiff's symptom testimony might impact the ALJ's overall finding of Plaintiff's disability. This error creates ambiguities in Plaintiff's limitations. Additionally, the ALJ provided no analysis in explaining why she assigned less weight to Dr. Hamilton's opinion. If Dr. Hamilton's medical opinions were properly considered, the ALJ's decision might result in a different outcome.

(*Id.* at 8 (emphasis added).) The italicized portion of this excerpt is the source of the present dispute; Plaintiff contends that it was error to remand for further proceedings because the Court already found that further administrative proceedings would not be useful.

The language in the Court's prior order was imprecise and regrettably, though justifiably, has caused confusion. The Court explained that the second element of the credit-as-true rule is, itself, subdivided into three subparts: (1) whether the record is fully developed, (2) whether there are outstanding issues that must be resolved before a disability determination can be made, and (3) whether further administrative proceedings would be useful. As to the third part, the Court explained that further administrative proceedings are considered useful when there are conflicts and ambiguities that must be resolved. When the Court later remarked that "further administrative proceedings would not be useful as the record is fully developed," what it intended to communicate was that further administrative proceedings were not needed for the purpose of further developing the evidentiary record. The Court therefore found that the first of the three subparts described above weighed in favor of applying the credit-as-true rule. The Court proceeded, however, to find that the remaining two subparts weighed against applying the credit-as-true rule

because, even though the evidentiary record was fully developed, there remained outstanding ambiguities for the ALJ to resolve. The Court stands by its earlier determination that further administration proceedings would be useful for the purpose of resolving those outstanding ambiguities. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend the judgment (Doc. 24) is **DENIED**.

Dated this 1st day of October, 2021.

Douglas L. Rayes
United States District Judge